May Term,
1840.

RUST
v.
SMITH.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. M. Jenners*, for the appellants.

---

### RUST and Another *v.* SMITH.

If a plea professing to answer the whole cause of action admit any part of the demand to be due, it is bad.

*Thursday,*
*July 2.*

ERROR to the *Jackson* Circuit Court.

DEWEY, J.—Assumpsit by the assignees of a promissory note against the maker. Plea to the whole cause of action, that the note was given for a part of the price of real estate sold by the payee of the note to the defendant below; that the payee assigned to the defendant a title-bond for the land, which he held on a third person, conditioned for the conveyance of the same to the payee; that neither the third person, nor the assignor of the bond, ever had any title to the land, and that they could not, nor could either of them, convey a title to the same; wherefore the consideration of the note had wholly failed. The plea, however, in stating the particulars of the transaction, shows that a small portion of the consideration, to wit, 4 dollars and 23 cents, was a matter not connected with the sale of the land. The plaintiff demurred generally; the demurrer was overruled; and final judgment rendered for the defendant.

This judgment is erroneous. The plea professes to answer the whole cause of action, and alleges a total failure of the consideration of the note, when, in fact, it admits a small sum to be due. The demurrer should have been sustained for that cause. Correct pleading would have admitted a cause of action for the amount of that portion of the consideration of the note, which did not grow out of the purchase of the land, and set up the want of title against the residue of the note.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the joinder in demurrer set aside, with costs. Cause remanded, &c.

*J. G. Marshall* and *R. W. Thompson,* for the plaintiffs.

*H. P. Thornton,* for the defendant.